| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946132 | D1 CM | 44132991 |

Rule 4 (B) Ohio

Rules of Civil Procedure

TONYA C. GLASS **PLAINTIFF**
VS
ENERGY FOCUS, INC. **DEFENDANT**

# SUMMONS

ENERGY FOCUS, INC.
32000 AURORA RD.
SOLON OH 44139

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



**Plaintiff's Attorney**

LAWRENCE MAYS
4070 MAYFIELD ROAD

CLEVELAND, OH 44121-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

TIMOTHY MCCORMICK
Do not contact judge. Judge's name is given for attorney's reference only.

| DATE SENT |
|---|
| Apr 12, 2021 |

By _____
Deputy

NAILAH K. BYRD
Clerk of the Court of Common Pleas

COMPLAINT FILED  04/09/2021



**EXHIBIT 1**

MSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**April 9, 2021 14:50**

By: LAWRENCE MAYS 0038288

Confirmation Nbr. 2224918

TONYA C. GLASS                                    CV 21 946132

vs.
                                                  **Judge:** TIMOTHY MCCORMICK
ENERGY FOCUS, INC., ET AL

Pages Filed: 12

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| TONYA C. GLASS <br> 19936 Van Aken Blvd. <br> Shaker Hts., OH 44122 <br><br> Plaintiff, <br><br> vs. <br><br> ENERGY FOCUS, INC. <br> 32000 Aurora Rd. <br> Solon, OH 44139 <br><br> Corporation Service Company <br> 50 West Broad Street, Suite 1800 <br> Columbus, OH 43215 (Agent) <br><br> Defendant. | CASE NO.: <br><br> JUDGE: <br><br><br> COMPLAINT WITH JURY DEMAND |

## NATURE OF THE ACTION- PRELIMINARY STATEMENT

1. This is an action under Ohio Revised Code § 4112, et seq. for injunctive and declaratory relief and money damages for Defendant Energy Focus, Inc.'s violations of the civil rights of Plaintiff, Tonya C. Glass ("Glass").

2. Plaintiff has been denied terms, conditions and privileges of employment because of her race, African-American, and terminated in retaliation after she engaged in protected activity.

## JURISDICTION AND VENUE

3. This action is instituted and authorized under this Court's jurisdiction with respect to the claims based on the common and statutory law of the State of Ohio.

4. Venue is proper in this Court as all the acts complained of herein have occurred in Ohio, within the jurisdiction of this Court and in Cuyahoga County.

## PARTIES

Plaintiff:

5. Glass is an African-American female residing in Shaker Heights, Ohio, in the county of Cuyahoga and was over the age of majority at all relevant times.

6. Glass was employed by Energy Focus as a Buyer/Planner from March 29, 2016 through October 27, 2017. Glass was subsequently employed by Energy Focus, Inc. as a Customer Service Representative from October 27, 2017 through April 4, 2018.

Defendant:

7. Energy Focus, Inc. ("Energy Focus") is an American provider of LED lighting technology, providing products and services to various industries including military, industrial, and educational institutions. Headquartered in Solon, Ohio, Energy Focus employs over 200 employees and has customers around the world. Energy Focus grosses over $50 million in annual revenue. Energy Focus is located at 32000 Aurora Rd., Solon, OH 44139.

8. Energy Focus maintains policies that allegedly claim that it prohibits employees from discriminating against other employees based on race and retaliation, among other things.

## STATEMENT OF FACTS

Background and Organizational Layout

9. Glass is an African-American female residing in Shaker Heights, Ohio. She was hired by Energy Focus on March 29, 2016 in the capacity of Buyer/Planner. In this role she was responsible for the procurement and delivery of Focus Energy's military product line. Glass was then hired into the role of Customer Service Representative ("CSR") on October 27, 2017 by Gillianne Hetrick, Energy Focus' Manager, Human Resources & Administrative Services. Glass held that position until her employment was unlawfully terminated on April 4, 2018.

10. Glass was one of five CSR's on staff at Energy Focus, and the only African-American in the Sales department.

11. During her time at Energy Focus as a Buyer/Planner, Glass initially reported to Larry Fallon and her reviews were all satisfactory.

12. When Glass began the CSR position, she reported to Fallon with no issues. However, on December 19, 2017, Sales Support Manager Gena Vencl ("Vencl") took over as Glass's supervisor.

13. Almost immediately after Vencl took over, Glass began having issues of bias and disparate treatment with Vencl. Vencl would scrutinize her arrival and departure times, until finally Vencl's harassing behavior culminated in two false and negative performance reviews. Vencl also insisted that a representative from Human Resources sit in on performance reviews of Glass.

14. At all times relevant, Glass was the only African American working in Customer Service and reporting to Vencl, Sales Support Manager, who is Caucasian.

15. Glass initially reported Vencl's discriminatory treatment to Gilliane Hetrick on February 2, 2018.

16. Glass also reported Vencl's discriminatory treatment of her to Energy Focus' then CFO, Ted Tewksbury.

17. Tewksbury informed Glass that he had directed Vencl and Hetrick to work with Glass to get the matter resolved.

18. Yet, after being hired into the position just five months earlier, Glass was targeted for termination by Energy Focus.

19. Glass also drafted and submitted a written response to the second faulty performance review on March 12, 2018.

20. Following Glass's complaints of discrimination, along with her rebuttal to the performance review, Glass was retaliatorily terminated on April 4, 2018.

21. Energy Focus eliminated Glass' position as a pretext for Glass' complaints of discrimination.

## STATEMENT OF CLAIMS

### COUNT 1 – O.R.C. § 4112: RACE DISCRIMINATION

22. Glass hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

23. Glass was, at all times relevant a member of the protected class, African-American.

24. Glass suffered an adverse employment action when she was terminated on April 4, 2018.

25. Glass was qualified for the position. Glass had a successful work history with Energy Focus prior to her encounters with Vencl. Prior to her termination Glass's qualifications were never called into question by Energy Focus.

26. From Glass's hire date of March 29, 2016 through the time Vencl assumed a supervisory role over Glass, Glass reported to multiple supervisors at Energy Focus. During this time, Glass had no issues brought to her attention regarding her performance or any other aspect of her job.

27. Beginning on December 19, 2017, Glass was treated differently than similarly situated, non-protected employees. Vencl did not scrutinize Caucasian CSRs in the same manner as her scrutiny of Glass. At all times relevant, Glass was the only African American working in Customer Service and reporting to Vencl. Vencl would engineer reasons to chastise and ultimately terminate Glass, including reprimanding Glass for a previously approved work scheduled days off and being hyper-critical of Glass's attitude, performance, and time management skills.

28. It is important to note that Glass had worked for Energy Focus March 29, 2016 to April 4, 2018, a little over two years. Prior to working under Vencl, Glass had

never received any disciplinary performance write ups or poor performance reviews.

29. For the foregoing reasons Glass has been discriminated against based on her race in violation of R.C. § 4112.02.

## COUNT 2 – O.R.C. § 4112: RETALIATION

30. Glass hereby asserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

31. Glass engaged in a protected activity. On February 2, 2018, Glass reported Vencl's behavior to Gilliane Hetrick. Nothing came of this report, and Vencl's discriminatory treatment of Glass intensified.

32. On March 12, 2018, Glass submitted a written rebuttal to Vencl's performance review of her. This rebuttal was submitted to Gilliane Hetrick and Gina Vencl.

33. Following Glass's protected activity, the Defendant Energy Focus took action which was materially adverse to Glass. On April 4, 2018, Defendant Energy Focus terminated Glass's employment.

34. A causal connection exists between the protected activity on February 2, 2018, and the materially adverse action which occurred on April 4, 2018.

35. Glass has never received any disciplinary performance write ups or poor performance reviews during her tenure at Energy Focus prior to her dealings with Vencl.

36. For the foregoing reasons Glass has been discriminated against based on retaliation in violation of R.C. § 4112.02, as amended.

## COUNT 3 - 42 U.S.C. § 1981

37. Glass hereby asserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

38. Glass belongs to an identifiable class of persons who are subject to discrimination based on their race.

39. The defendants intended to discriminate against her on the basis of race.

40. The defendants discriminatory conduct abridged a right enumerated in U.S.C.§ 1981 (a).

41. All of the actions and inactions articulated above violate the Civil Rights Acts of 1866 and 1870, embodied in 42 U.S.C. § 1981, which statute clearly guarantees that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. This statute further indicates that the phrase "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. This statute further and clearly spells out that these rights are protected against impairment by non-governmental discrimination and impairment under color of state law.

42. As a direct and proximate result of the above-described actions and/or inactions, Glass hereby reasserts the foregoing allegations and incorporates and

incorporates them by reference as if fully set forth herein. Glass has suffered and will continue to suffer from severe and significant depression, regular and consistent nightmares, anger, hypervigilance, abnormal appetite, and significant anxiety.

43. Glass states that as a direct and proximate result of the intentional and malicious and/or wanton and reckless actions and/or inactions of Energy Focus that she has suffered severe and significant emotional distress, anxiety, and anguish, and will continue to suffer from emotional distress into the indefinite future.

44. As a direct and proximate result of the above-described actions and/or inactions, Glass has incurred medical expenses and will continue to incur such expenses into the indefinite future.

45. These actions and/or inactions by Energy Focus were based on Glass's race and/or in retaliation for having participated in protective activity, all of which is in clear violation of 42 U.S.C. § 1981.

46. The actions and inactions complained of above entitle Glass to damages for lost wages and/or back pay, front pay, emotional distress, the costs of this litigation and attorney fees, pursuant to 42 U.S.C. § 1981 as well as under 42 U.S.C. § 1988.

47. The actions and inactions complained of were so egregious, intentional, willful and despicable, and were perpetrated against Glass with such disregard for her federally protected rights, as well those protected by Ohio law, that Energy

Focus must be required to pay $25,000.00 in punitive damages such that Energy Focus will be forced to follow the law and to ensure a workplace free from discrimination.

### COUNT 4 - Intentional Infliction of Emotional Distress

48. Glass hereby asserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

49. The actions and inactions of the defendants were so outrageous in character and to so extreme a agree, that the conduct goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community.

50. The actions and inactions complained of were so egregious, intentional, willful and despicable, and were perpetrated against Glass with such disregard for her federally protected rights, as well those protected by Ohio law, that Energy Focus must be required to pay $25,000.00 in damages such that Energy Focus will be forced to follow the law and to ensure a workplace free from discrimination.

### COUNT 5
### O. R.C. § 4112.02(J) Aiding and Abetting Discrimination

51. Plaintiff incorporates by reference the foregoing allegations set forth in paragraphs 1 to 50 as if fully re-alleged herein.

52. Defendant Energy Focus and Gina Vencl, aided and abetted each other in discriminating against and limiting Plaintiff's employment opportunities in violation of R.C. § 4112.02(J) because of her race and because she opposed unlawful

discrimination by the Defendants. Defendant Energy Focus by not limiting the participation and influence of Gina Vencl in her discriminatory scrutiny of Glass thereby laid the groundwork for Energy Focus' unlawful retaliatory termination of Glass.

53. As a direct and proximate result of Defendant Energy and Gina Vencl's aiding and abetting discrimination in violation of R.C. § 4112.02(J), Plaintiff suffered and will continue to suffer economic damages of $25,000.00, compensatory and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary, commissions and benefits, and other privileges and conditions of employment.

54. Defendant's discriminatory actions against Plaintiff in violation of R.C. §§ 4112.02(J) and 4112.99 were willful, in bad faith, conducted with malicious purpose, conducted in a wanton or reckless manner, and/or in disregard of her rights, and render Defendant liable for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, expenses and any equitable relief that this Court deems appropriate.

55. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees and is entitled to judgment as a matter of law.

56. Thus, Plaintiff seeks all compensatory and punitive damages allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare the policies and practices of Energy Focus as described herein to be unlawful and in violation of federal law;

b. Grant Plaintiff a permanent injunction, prohibiting Energy Focus from engaging in any policy or practice which discriminates on the basis of race and/or retaliation;

c. Order Energy Focus to make Glass whole, with appropriate backpay, front pay and benefits including but not limited to any/all retirement benefits of $25,000.00 to be determined at trial;

d. Award compensatory and emotional distress damages to Glass of $25,000.00 to be determined at trial;

e. Order Energy Focus to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from Energy Focus unlawful employment practices;

f. Order Energy Focus to make Plaintiff whole by providing employment, seniority, and affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

g. Award Plaintiff pre-judgment and post-judgment interest on all sums awarded;

h. Award Plaintiff the costs of this action, including costs and reasonable attorney fees; and

i. Grant such other legal and equitable relief as is necessary and proper.

Respectfully submitted,

/s/ Lawrence Mays
Lawrence Mays, Esq. (0038288)
Law Offices of Lawrence Mays LLC
4070 Mayfield Rd.
South Euclid, OH 44121
T: (216) 208-1287
E: lawrence.mays@lmayslaw.com
Attorney for the Plaintiff

## JURY DEMAND

Plaintiff demands a trial by a jury of her peers on all triable issues herein.